JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Matthew Altman

**(b)** County of Residence of First Listed Plaintiff Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Allan J. Aigeldinger, III, Esquire
19 S. 21st Street, Philadelphia, PA 19103

**DEFENDANTS**

Capital One

County of Residence of First Listed Defendant Fairfax
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1681a(c)

Brief description of cause:
Defendant's failure to remove fruadulent accounts from Plainiff's credit report

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 250,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE 11/6/26

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Philadelphia, PA

***RELATED CASE IF ANY:*** Case Number:____________________ Judge:____________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☒ 16. All Other Federal Question Cases. *(Please specify)*: 15 U.S.C. § 1681a(c)

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):____________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Matthew Altman | : | CIVIL ACTION |
| v. | : | |
| Capital One, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 11/6/26 | Allan J. Aigeldinger III | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-569-4488 | 215-644-8049 | ajaigeldinger@hotmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MATTHEW ALTMAN<br>50 S. 16TH STREET, UNIT 4505<br>PHILADELPHIA, PA 19102 | : | CIVIL ACTION NUMBER: |
| vs. | : | JURY TRIAL DEMANDED |
| CAPITAL ONE<br>1680 CAPITAL ONE DRIVE<br>MCLEAN, VA 22102-3491<br>and<br>CAPITAL ONE, INC.<br>1680 CAPITAL ONE DRIVE<br>MCLEAN, VA 22102-3491<br>and<br>CAPITAL ONE FINANCIAL CORP.<br>1680 CAPITAL ONE DRIVE<br>MCLEAN, VA 22102-3491<br>and<br>CAPITAL ONE, N.A.<br>1680 CAPITAL ONE DRIVE<br>MCLEAN, VA 22102-3491<br>and<br>CAPITAL ONE SERVICES COMPANY<br>1680 CAPITAL ONE DRIVE<br>MCLEAN, VA 22102-3491<br>and<br>CAPITAL ONE SERVICES, INC.<br>1680 CAPITAL ONE DRIVE<br>MCLEAN, VA 22102-3491<br>and<br>CAPITAL ONE SERVICES II, L.L.C.<br>1680 CAPITAL ONE DRIVE<br>MCLEAN, VA 22102-3491<br>and<br>EXPERIAN<br>475 ANTON BOULEVARD<br>COSTA MESA, CA 92626<br>And<br>EXPERIAN INFORMATION<br>SOLUTIONS, L.L.C. | : | |

475 ANTON BOULEVARD :
COSTA MESA, CA 92626 :
and :
EXPERIAN, P.L.C. :
475 ANTON BOULEVARD :
COSTA MESA, CA 92626 :
and :
T MOBILE U.S.A, INC. :
C/O CORPORATION SERVICE COMPANY :
5235 N. FRONT STREET :
HARRISBURG, PA 17110 :
and :
T MOBILE FINANCIAL, L.L.C. :
C/O CORPORATION SERVICE COMPANY :
5235 N. FRONT STREET :
HARRISBURG, PA 17110 :
and :
JOHN DOE 1-10 :
and :
JOHN DOE CORPORATRION 1 THROUGH 10 :

**COMPLAINT-CIVIL ACTION**

This is a civil action for violations under 15 U.S.C. 1681 and other applicable pendent state laws.

**PARTIES**

1. MATTHEW ALTMAN is an adult individual and is a natural person, residing at the above-captioned address and is a consumer as defined by 15 U.S.C. §1681a(c).

2. Defendant CAPITAL ONE (hereinafter referred to as "D1") is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principal place of business at the above captioned address.

3. Defendant CAPITAL ONE, INC. (hereinafter referred to as "D2") is a business entity licensed to transact business in the

Commonwealth of Pennsylvania with a principal place of business at the above captioned address.

4. Defendant CAPITAL ONE FINANCIAL CORP. (hereinafter referred to as "D3") is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principal place of business at the above captioned address.

5. Defendant CAPITAL ONE, N.A. (hereinafter referred to as "D4") is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principal place of business at the above captioned address.

6. Defendant CAPITAL ONE SERVICES COMPANY (hereinafter referred to as "D5") is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principal place of business at the above captioned address.

7. Defendant CAPITAL ONE SERVICES, INC. (hereinafter referred to as "D6") is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principal place of business at the above captioned address.

8. Defendant CAPITAL ONE SERVICES II, L.L.C. (hereinafter referred to as "D7") is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principal place of business at the above captioned address.

9. Defendant EXPERIAN (hereinafter referred to as "D8") is a business entity licensed to transact business in the Commonwealth

of Pennsylvania and is a consumer reporting agency regularly engaged in the practice of assembling and evaluating consumer credit information for third parties as defined by 15 U.S.C. § 1681a(f)with a principal place of business at the above captioned address.

10. Defendant EXPERIAN INFORMATION SOLUTIONS, L.L.C (hereinafter referred to as "D9") is a business entity licensed to transact business in the Commonwealth of Pennsylvania and is a consumer reporting agency regularly engaged in the practice of assembling and evaluating consumer credit information for third parties as defined by 15 U.S.C. § 1681a(f)with a principal place of business at the above captioned address.

11. Defendant EXPERIAN, P.L.C. (hereinafter referred to as "D10") is a business entity licensed to transact business in the Commonwealth of Pennsylvania and is a consumer reporting agency regularly engaged in the practice of assembling and evaluating consumer credit information for third parties as defined by 15 U.S.C. § 1681a(f)with a principal place of business at the above captioned address.

12. Defendant T MOBILE U.S.A, INC.CAPITAL ONE SERVICES II, L.L.C. (hereinafter referred to as "D11") is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principal place of business at the above captioned address.

13. Defendant T MOBILE FINANCIAL, L.L.C. (hereinafter referred to as "D12") is a business entity licensed to transact

business in the Commonwealth of Pennsylvania with a principal place of business at the above captioned address.

14. Defendant JOHN DOE 1-10 (hereinafter referred to a "D13") is an adult individual, residing at the above-captioned address. The defendant's actual name is unknown to plaintiff after having conducted a reasonable search with due diligence. The designation of the defendant is fictitious. A factual description of the defendant is set forth below. A reasonable search to determine the actual name of the defendant has been conducted.

15. Defendant JOHN DOE CORPORATION 1-10 (hereinafter referred to a "D14") is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principle place of business at the above captioned address. The defendant's actual name is unknown to plaintiff after having conducted a reasonable search with due diligence. The designation of the defendant is fictitious. A factual description of the defendant is set forth below. A reasonable search to determine the actual name of the defendant has been conducted.

**JURISDICTION**

16. The United States District Court for the Eastern District of Pennsylvania has jurisdiction over this action pursuant to 15 U.S.C. §1681. 28 U.S.C. §2201 and 28 U.S.C. §2203, and principles of pendent jurisdiction. This action arises out of violations of the Federal Statute 15 U.S.C. § 1681 and other pendent Commonwealth

of Pennsylvania laws.

**VENUE**

17. Pursuant to U.S.C. §1391(b), the venue of this suit is proper in the district in which the claim arose within the Eastern District of Pennsylvania.

**FACTS**

18. In December of 2023, plaintiff applied for a credit card and was denied because there were unpaid accounts on plaintiff's credit report. Specifically, the accounts were with defendants D1 through D7, D11 and D12.

19. After investigating the matter plaintiff became aware that his identity was stolen and the aforementioned accounts were opened by an unknown individual with an address if 200 n. 5th Street, Apartment 2, Newark, NJ 07107.

20. On March 13, 2024 plaintiff filed an Identity Theft Report with the Federal Trade Commission reporting that his identity had been stolen and accounts were opened in his name. A copy of the Report is attached hereto and included by reference here in.

21. Plaintiff filed police reports regarding his stolen identity and the opening of the fraudulent accounts in both New Jersey and New York.

22. Plaintiff hired a credit repair company to rectify the stolen identity and the fraudulent accounts.

23. Plaintiff notified defendants D1 through D7, D11 and D12

of the identity theft and the defendants D1 through D7, D11 and D12 have failed and refused to cease collection efforts for the accounts plaintiff did not open and they refuse to remove the accounts from plaintiff's credit report with defendants D8 through D10.

24. Defendants D1 through D7 sent a letter to the plaintiff on October 16, 2026 that they were investigating the aforementioned fraud perpetrated on the plaintiff. A copy of the letter is attached hereto and included by reference herein.

25. Defendants D1 through D7 sent a second letter to the plaintiff on October 16, 2026 the same day as the aforementioned letter that the plaintiff is responsible for the account balance. A copy of the letter is attached hereto and included by reference herein.

26. The aforementioned accounts were placed on plaintiff's credit reports with all three (3) credit reporting agencies.

27. Plaintiff disputed the aforementioned accounts with all three (3) credit reporting agencies.

28. Defendants D8-D11 failed and refused to remove the accounts from plaintiff credit report, although the other two (2) credit reporting agencies did remove the accounts from plaintiff's credit report. A copy of the written notifications from defendant D8 through D11 that defendants D8 through D11 will not remove the aforementioned accounts from plaintiff's credit report is attached hereto and included by reference herein.

29. The defendant D1 through D7, D11 and D12 have failed and refused to give plaintiff any documentation pertaining to the aforementioned accounts although plain tiff has requested same on multiple occasions.

30. Plaintiff reviewed their credit report issued by Defendant D8 and/or D9 and/or D10 and/or D11 and discovered highly damaging inaccurate information. Specifically, the report falsely stated (detail the error exactly, e.g., account #1234 belonged to Plaintiff and was 90 past due, or Plaintiff owed a balance of $5,000 on a fraudulent account".

31. This information is entirely inaccurate because (e.g.) this account was opened fraudulently via identify theft.

32. Plaintiff notified Experian of the dispute, and demanded that the errors on his credit report be corrected addressed and removed.

33. Defendants D1 through D7, D11 and D12 improperly opened accounts in the Plaintiff's name.

34. Defendants D1 through D7, D11 and D12 refused to provide the Plaintiff with credit card statements, which prohibiting Plaintiff from investigating the fraudulent credit card activity against the Plaintiff.

35. Defendants D8-D11 were legally mandated to complete a reasonable investigation within 30 days pursuant to 15 U.S.C. This action arises out of violations of the Federal Statute 15 U.S.C. §

1681i(a)(1).

36. Defendants D8-D11 are one of the largest consumer reporting agencies in the country. A primary aspect of its business is collecting and organizing data on most adult Americans to generate consumer reports, consumer file disclosures, and credit scores that reflect consumers' credit activity and history.

37. This is because Defendants D8-D11 sells its consumers reports to creditors and businesses who are evaluating whether to offer a consumer various products, services, and opportunities, such as a loan, a job, or housing.

38. Information reflected in consumer reports is provided to Defendants D8-D11 by data furnishers, such as banks, credit card companies, or debt collectors, and other sources. Errors in consumer reports can be significant for consumers, resulting in denial of credit, employment, or housing, or being offered less favorable credit terms.

39. Recognizing the serious consequences borne by consumers when their consumer reports contain inaccurate information, Congress enacted the Fair Credit Reporting Act, in part, to ensure that consumer reporting agencies like Defendants D8-D11 exercise their grave responsibilities with fairness, impartiality and a respect for the consumer's right to privacy.

40. The Fair Credit Reporting Act demands that consumer reporting agencies, like Defendants D8-D11, use reasonable

procedures to assure maximum possible accuracy of information contained in consumer reports.

41. On or about October 26, 2026, Defendant emailed the Plaintiff a notice that it refused to correct or delete the inaccurate record. Moreover, they failed to remove the inaccurate record from the Plaintiff's credit report.

42. Defendant failed to perform a thorough, good-faith, or reasonable investigation. Had Defendant implemented reasonable investigation guidelines, it would have easily discovered the error.

43. The aforementioned incident was caused by the liability producing conduct of the defendants, and was in no manner due to any act or omission on the part of plaintiff.

44. As a direct result of Defendants D8-D11's ongoing failure to comply with the Fair Credit Reporting Act (FCRA), Plaintiff has suffered damages.

45. As a direct result of the liability producing conduct of the Defendants, Plaintiff suffered physical, emotional and financial harm the full extent of which are not yet known, some or all of which may be permanent in nature.

46. Plaintiff was denied multiple credit cards, apartments and other credit as a result of the negative impact of the inaccurate information published by Defendants.

47. Plaintiff has suffered significant damage to his financial reputation, drop in credit scores, emotional distress, anxiety,

humiliation, and frustration.

48. As a further result of the liability producing conduct of the Defendants, Plaintiff may suffer a severe loss of earnings and impairment of his earning capacity and power.

49. As a further result of the liability producing conduct of the Defendants, Plaintiff has been prevented from performing his usual and daily activities and duties and will be prevented from attending to these activities and duties for an indefinite time into the future all to his great detriment, embarrassment, humiliation and loss and loss of life's pleasures and enjoyment.

50. As a further result of the liability producing conduct of the Defendants, Plaintiff has or may hereafter incur other financial expenses or losses including but not limited to legal expenses.

**COUNT I**
**PLAINTIFF MATTHEW ALTMAN vs. ALL DEFENDANTS**
**NEGLIGENCE**

51. Plaintiff incorporates paragraphs 1 through 50 as though same were set forth herein at length.

52. At all times material hereto, the Defendants acted and/or failed to act by and through its agents, servants, workman, and/or employees acting within the course and scope of their employment.

53. The defendants are vicariously liable for the acts and failure to act of agents, servants, workman and/or employees under the doctrine of Respondeat Superior.

54. The carelessness and negligence of the Defendants consisted of the following:

a) failing to maintain reasonable procedures to assure maximum possible accuracy of Plaintiff's information;

b) failing to conduct a reasonable reinvestigation of disputed items;

c) failing to inform the Plaintiff of its reinvestigation results;

d) failing to timely inform the Plaintiff of its reinvestigation;

e) failing to timely reinvestigate disputes;

f) failing to maintain accurate files on the Plaintiff;

g) providing the Plaintiff with information that is incorrect;

h) being careless and/or negligence without due regard for the rights of the plaintiff;

i) failing to take such other precautions and employ such other safeguards as would be adequate and sufficient to avoid inaccuracies of information;

j) failing to convey highly relevant information about Plaintiff's dispute;

k) failing to select appropriate dispute codes;

l) failing to provide all relevant information about the Plaintiff's dispute;

m) failing to remove inaccurate information in the Plaintiff's file and on his credit report;

n) failing to provide the Plaintiff with credit card statements to assist in Plaintiff's investigation of the fraud;

o) Negligence per se, in that the defendants violated various state and federal laws reference above;

p) violating the ordinances and laws of the Commonwealth of Pennsylvania;

q) Providing false and misleading information about the plaintiff's financial situation;

r) Providing false and/or misleading credit information about the plaintiff when the defendants knew and/or should have known this information was false and/or misleading.

WHEREFORE, Plaintiff demands compensatory damages against the defendants individually and/or jointly and severally, in an amount in excess of one hundred thousand dollars ($100,000.00) plus interest, costs, attorney's fees and delay damages.

**COUNT II**
**PLAINTIFF MATTHEW ALTMAN vs. ALL DEFENDANTS**
**VIOLATION OF 15 U.S.C §1681**

55. Plaintiff incorporates by reference paragraphs 1 through 54 as if set forth in full herein.

56. Defendants Failed to conduct a timely and reasonable reinvestigation into Plaintiff's disputed information violating 15

U.S.C §1681.

57. After receiving notice from the Plaintiff of the inaccurate record on his credit report, the Defendants failed to conduct a reasonable investigation, failed to review all relevant information and failed to correctly modify or delete the inaccurate information violating 15 U.S.C §1681.

WHEREFORE, Plaintiff demands compensatory damages against the defendants individually and/or jointly and severally, in an amount in excess of one hundred thousand dollars ($100,000.00) plus interest, costs, attorney's fees and delay damages.

**COUNT III**
**PLAINTIFF MATTHEW ALTMAN vs. ALL DEFENDANTS**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**(FCRA) 15 U.S.C. §1681**

58. Plaintiff incorporates by reference paragraphs 1 through 57 as if set forth in full herein.

59. The defendants, acting and/or failing to act in the course and scope of their employment were in violation of 15 U.S.C. § 1681.

60. The actions of the defendants as set forth above were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

WHEREFORE, pursuant to 42 U.S.C. Sec. 1983, Sec. 1985 and Sec. 1988 plaintiff demands compensatory and punitive damages against the defendants individually and/or jointly and severally, in an amount

in excess of one hundred thousand dollars ($100,000.00) plus interest, costs, attorney's fees and delay damages.

**COUNT IV**
**PLAINTIFF MATTHEW ALTMAN vs. ALL DEFENDANTS**
**LIBEL**

61. Plaintiff incorporate paragraphs 1 through 60 as though same were set forth herein at length.

62. The actions of the defendants as set forth above is and available to the public.

63. The defendants published plaintiff's credit report in writing.

64. Plaintiff's credit report published by the defendants and in writing is false.

65. The defendants knew that plaintiff's credit report contained false information and/or acted in reckless disregard of the credit report's truth or falsity. The defendants acted with malice and/or willful intent in this regard.

66. The defendant, by publishing plaintiff's credit report, intended to cause financial loss and/or reasonably recognized the publication of plaintiff's credit report would result in financial loss.

67. As a direct and proximately result of defendants publishing plaintiff's credit report, the plaintiff suffered economic losses and non-economic losses including but not limited damages per se as the credit report contained false and misleading

information which resulted in and continues to result in damages per se, loss of earnings and loss of earning capacity, loss of reputation in the community, embarrassment and humiliation.

WHEREFORE, Plaintiff demands compensatory damages against the defendants individually and/or jointly and severally, in an amount in excess of one hundred thousand dollars ($100,000.00) plus interest, costs, attorney's fees and delay damages.

**COUNT V**
**PLAINTIFF MATTHEW ALTMAN vs. ALL DEFENDANTS**
**PUNITIVE DAMAGES**

68. Plaintiff incorporates paragraphs 1-67 as though set forth at length herein.

69. The defendants' liability producing conduct as aforesaid was in reckless disregard of the plaintiff in that defendants' actions were intentional and/or defendant knew and/or should have known her actions created an unreasonable risk of harm to the plaintiff.

70. The defendants' liability producing conduct as aforesaid was a wrongful act done in reckless indifference to the rights of the plaintiff.

71. At all times material hereto, defendants had knowledge of and/or reason to know of facts creating a high risk or risks of serious harm to the plaintiff and the defendants made a deliberate choice to act and/or fail to act in an unreasonable manner, in conscious disregard, and/or indifference to that risk or risks.

72. The liability producing conduct of the defendants was an act done intentionally and/or maliciously and/or with bad motive to the rights of the plaintiff.

73. The acts and/or omissions of the defendant as set forth above were committed in a willful, wanton, gross and/or reckless manner, with a conscious indifference to the plaintiff.

WHEREFORE, Plaintiff demands compensatory damages against the defendants individually and/or jointly and severally, in an amount in excess of one hundred thousand dollars ($100,000.00) plus interest, costs, attorney's fees and delay damages.

**COUNT VI**
**MATTHEW ALTMAN VS. ALL DEFERNDANTS**
**VIOLATION OF 15 U.S.C. SEC. 1681s-2(b)**

74. Plaintiff incorporates paragraphs 1 through 71 as though same were set forth herein at length.

75. At all times material hereto, the Defendants acted and/or failed to act by and through its agents, servants, workman, and/or employees acting within the course and scope of their employment.

76. The defendants are vicariously liable for the acts and failure to act of agents, servants, workman and/or employees under the doctrine of Respondeat Superior.

77. The defendants' violations of 15 U.S.C. sec. 1681s-2(b) consisted of the following:

a) Failing to conduct a reasonable investigation of Plaintiff's dispute;

b) failing to evaluate all documentation and evidence sent about the aforementioned fraudulent accounts opened in plaintiff's name;

c) failing to evaluate all documentation and evidence sent about the aforementioned fraudulent accounts opened in plaintiff's name;

d) failing to report the findings of their investigation;

e) failing to timely report the findings of their investigation;

f) failing to report inaccuracies to other Nationwide credit reporting agencies;

g. failing to modify, permanently delete, or block the reporting of the false and fraudulent information on the Plaintiff's credit report;

h. failing to complete a timely investigation;

i. failing to assist the plaintiff to investigate the fraudulent and erroneous information on the Plaintiff's credit report.

WHEREFORE, Plaintiff demands compensatory damages against the defendants individually and/or jointly and severally, in an amount in excess of one hundred thousand dollars ($100,000.00) plus interest, costs, attorney's fees and delay damages.

**COUNT VI**
**PLAINTIFF MATTHEW ALTMAN vs. ALL DEFENDANTS**
**INJUNCTIVE RELIEF**

78. Plaintiff incorporates paragraphs 1-75 as though set forth at length herein.

79. At all times material hereto, the Defendants acted and/or failed to act by and through its agents, servants, workman, and/or employees acting within the course and scope of their employment.

80. The defendants are vicariously liable for the acts and failure to act of agents, servants, workman and/or employees under the doctrine of Respondeat Superior.

81. As a result of the conduct of the defendants as set forth above, plaintiff has, is and will continue to suffer irreparable harm.

82. The harm suffered by the plaintiff cannot be rectified and/or compensated by monetary damages set forth in the future.

83. This request for equitable relief is (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

WHEREFORE, Plaintiff demands that the fraudulent accounts

referenced above be removed from plaintiff's credit report and all collections efforts by the defendants cease.

BY:__________/S/________________________

ALLAN J. AIGELDINGER, III, ESQUIRE
19 S. 21st Street
Philadelphia, pa 19103
215 569 4488
ajaigeldinger@hotmail.com
Attorney for Plaintiff

# VERIFICATION

I am the PLAINTIFF in this action and verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief and I understand that the statement made therein are subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

DATE: 11/5/26

FEDERAL TRADE COMMISSION

# Identity Theft Report

FTC Report Number:
184506929

I am a victim of Identity theft. This is my official statement about the crime.

## Contact Information

| First Name: | Last Name: |
|---|---|
| Matthew | Altman |

| Address: | Phone: | Email: |
|---|---|---|
| 20 Exchange Place , APT 913<br>New York , NY 10005<br>USA | 610-908-7216 | mattaltmanmusic@gmail.com |

## Personal Statement

This person has continued to rack up debt under my name. I need this resolved ASAP as I am not opening these accounts. I do not live in Newark and have never lived here. I cannot apply for a credit card while this person continues to do what they're doing. The people at Experian told me they resolved this, but they didn't. I need this to be resolved ASAP.

## Accounts Affected by the Crime

| Credit Card Opened by the Thief | | |
|---|---|---|
| Company or Organization: | Credit One Bank N.A. | |
| Date fraud began: | Date that I discovered it: | Total fraudulent amount: |
| 3/2023 | 3/2025 | $ 466 |

| Credit Card Opened by the Thief | | |
|---|---|---|
| Company or Organization: | Capital One | |
| Date fraud began: | Date that I discovered it: | Total fraudulent amount: |
| 1/2020 | 3/2025 | $ 1233 |

| Credit Card Opened by the Thief | | |
|---|---|---|
| Company or Organization: | First Premier | |
| Date fraud began: | Date that I discovered it: | Total fraudulent amount: |
| 12/2023 | 3/2025 | $ 629 |

## Fraudulent Information on Credit Reports

| | |
|---|---|
| Accounts or Charges | Yes, fraudulent accounts or charges appear on my credit report |
| Personal Information | **Addresses:** 200 N 5TH ST APT 2 NEWARK,NJ 07107-2797 |

## Suspect Information

| | |
|---|---|
| Contact Information | **Address:** 200 N 5TH ST 200 N 5TH ST APT 2 Newark NJ 07107 USA |
| Additional Details | This is not me. I have no idea who this person is. |

**Under penalty of perjury, I declare this information is true and correct to the best of my knowledge.**

I understand that knowingly making any false statements to the government may violate federal, state, or local criminal statutes, and may result in a fine, imprisonment, or both.

| | |
|---|---|
| **Matthew Altman** | **3/13/2025** |
| Matthew Altman | Date |

Use this form to prove to businesses and credit bureaus that you have submitted an FTC Identity Theft Report to law enforcement. Some businesses might request that you also file a report with your local police.

Capital One
P.O. Box 30285
Salt Lake City, UT 84130-0285

October 16, 2026

Matthew Altman
50 South 16th St
Unit 4505
Philadelphia, PA 19102

000041220
L302

Re: Account ending in 8484
Case Number: 261016135533979

**We're working on your fraud claim.**

Dear Matthew Altman,

We're following up on this fraud case created for your credit card account.

We'll be investigating the charge(s) tied to this case, and you won't be held responsible for any found to be unauthorized. We'll contact you if additional information is needed or once our investigation is complete.

We understand that experiencing fraud can be stressful and inconvenient. If you have questions or see anything else on your account that doesn't look right, please give us a call at 800-258-9319. We're available Mon-Fri: 8 a.m.-9 p.m. ET; Sat: 10 a.m.-7 p.m. ET. If a third-party agency is servicing your account, your call will be automatically routed to them.

Sincerely,

Capital One | Fraud Operations

© 2026 Capital One. Capital One is a federally registered service mark.

Capital One
P.O. Box 31293
Salt Lake City, UT 84131-1293

October 16, 2026

000026815
L302

Matthew Altman
50 South 16th St
Unit 4505
Philadelphia, PA 19102

Re: Account ending in 8484
Case Number: 261016135533979

**We're following up on your fraud claim.**

Dear Matthew Altman,

We've completed our investigation and found that you are responsible for this account because:

· Activity on the account indicates you opened and interacted with this account.

If you have questions, feel free to give us a call at 800-258-9319. We're available Mon-Fri: 8 a.m.-9 p.m. ET; Sat: 10 a.m.-7 p.m. ET. If a third-party agency is servicing your account, your call will be automatically routed to them.

Sincerely,

Capital One | Fraud Operations

© 2026 Capital One. Capital One is a federally registered service mark.

might still have a balance after we receive your payment. If your account has already charged off, you will not incur any additional interest or fees.

**Time Period for Payment or Other Action.** Unless we provide a specific date, any time period for your payment or other action begins on the date of this communication.

**IRS Reporting of Debt Forgiveness.** If we cancel or forgive $600 or more of principal on a debt you owe we will provide you a 1099-C tax form, if required by law. Please consult your tax advisor and the instructions accompanying any tax forms for more information.

**Who We Are.** Capital One, N.A.

To contact Capital One by mail, please use the following address: Capital One, P.O. Box 30285, Salt Lake City, Utah 84130-0285.

Please be aware that we provide reasonable accommodations and alternative formats of this communication, which can be provided upon request. To make such a request or to learn more about our accommodations, please call us at the below number.

| Contact Information | |
|---|---|
| Credit Cards-Collections | Credit Cards-Charged Off |
| 800-955-6600<br>Monday-Friday, 8 a.m.-11 p.m. ET;<br>Saturday-Sunday, 8 a.m.-5 p.m. ET | 800-258-9319<br>Mon-Fri: 8 a.m.-9 p.m. ET;<br>Sat: 10 a.m.-7 p.m. ET |

© 2026 Capital One. Capital One is a federally registered service mark.

## Your Account Dispute has been updated.

YESTERDAY

The account with JEFFERSON CAPITAL SYSTEMthat starts with 427605XXXXXXX has not been changed and will remain on your credit report.

**Source:**
Experian

**Date Submitted:**
Oct 26, 2026

**Report Number:**
3356-2962-36

**Account Number:**
427605XXXXXXX

**Company:**
JEFFERSON CAPITAL SYSTEM

**Address:**
200 14th Ave E, Sartell, MN 56377

**WHAT NOW?**

We'll notify you when all of your pending disputes are complete and the results are ready. To see your most recent updates, please check your updated credit report.

See credit report

## Your Account Dispute has been updated.

OCT 24, 2026

The account with CAPITAL ONEthat starts with 517805XXXXXXXXXX has not been changed and will remain on your credit report.

**Source:**
Experian

**Date Submitted:**
Oct 24, 2026

**Report Number:**
3356-2962-36

**Account Number:**
517805XXXXXXXXXX

**Company:**
CAPITAL ONE

**Address:**
Po Box 31293, Salt Lake City, UT 84131

**WHAT NOW?**

We'll notify you when all of your pending disputes are complete and the results are ready. To see your most recent updates, please check your updated credit report.

See credit report